
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37737-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GIAVONNI S. KINSEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, A.C.J. — Giavonni Kinsey was found guilty following a jury trial of possessing a stolen vehicle and was sentenced on the basis of an offender score of 9+. The only error assigned on appeal by his appointed counsel is to Mr. Kinsey's offender score, in light of *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), and Mr. Kinsey's six prior convictions for unlawful possession of a controlled substance. While a correction of his offender score will still leave Mr. Kinsey with an offender score slightly over 9, we agree with the parties that he should have an opportunity for resentencing in light of the material reduction in the score.

A pro se statement of additional grounds by Mr. Kinsey demonstrates no error or abuse of discretion, so we affirm his conviction but remand for resentencing.

FACTS AND PROCEDURAL BACKGROUND

On a night in December 2019, Officer Jared Gregg of the Kennewick Police Department responded to a report of a suspicious vehicle parked in front of a vacant house and an individual going door to door. When Officer Gregg arrived at the reported location, two men were standing by a parked car, a maroon Honda Civic, and one of them was pouring gas into its tank from a gas can. The Civic had run out of gas and one of the men—the one who identified himself to Officer Gregg—was a neighbor who said he was "helping this gentleman gas up." Report of Proceedings (RP) (Trial) at 152. The man who was doing the gassing up, who turned out to be Giovanni Kinsey, refused to identify himself.

Officer Gregg had learned earlier that evening from a fellow officer, Richard Sanders, that a burgundy-colored Civic had been reported stolen from a resident of the Heatherstone Apartments. Given the resemblance of the Civic before him, Officer Gregg contacted Officer Sanders, who said he had not yet been able to obtain a VIN or license plate number for the stolen Civic. Officer Gregg ran the number of the license plate on the Civic then being fueled, and learned it was registered to an owner whose address was the Heatherstone Apartments. At that point, Officer Gregg detained Mr. Kinsey in handcuffs.

The owners of the stolen Civic were summoned and identified the now-fueled car as their own. They gave Officer Gregg permission to examine it, and he saw that the ignition had been torn completely from the steering column and was dangling. Mr. Kinsey was arrested and was charged with possession of a stolen vehicle.

Before trial, Mr. Kinsey expressed his wish to submit to a polygraph examination. He thereafter filed a motion seeking public funds to retain a polygraph examiner. At a hearing on the motion, the State informed the court that it would not stipulate to the admissibility of any polygraph examination and would not consider its results in any plea negotiations. The court denied the motion to authorize funds, explaining to Mr. Kinsey that "there's no sense in spending money to obtain evidence that can never be used." RP (Feb. 12, 2020) at 4.

At trial, Mr. Kinsey testified that on the day of his arrest an acquaintance had picked him up driving the Civic, and later ran out of gas. Mr. Kinsey claimed that his acquaintance went to get gas while Mr. Kinsey remained with the car. After time passed and Mr. Kinsey's friend had not returned, he approached a nearby home where lights were on, encountering the Good Samaritan who retrieved a can of gas and was with Mr. Kinsey when Officer Gregg arrived. Mr. Kinsey denied knowing the Civic was stolen and testified at trial that his acquaintance had possessed a similar sedan in the past. The jury found Mr. Kinsey guilty.

At sentencing, the State provided the court with certified copies of Mr. Kinsey's prior judgment and sentences but no one undertook to identify his precise offender score. The prosecutor described it as "a 16 or 17 by my count." RP (Sept. 2, 2020) at 304. Defense counsel stipulated that Mr. Kinsey's offender score would be a 9+. The prosecutor, defense counsel and the judge all commented on Mr. Kinsey's long criminal history and the prevalence of drug-related crimes.

Based on a standard range that the court identified as 43 to 57 months, it imposed a prison-based DOSA, with Mr. Kinsey to serve 25 months' confinement and 25 months' community custody. Mr. Kinsey appeals.

ANALYSIS

After Mr. Kinsey's September 2020 sentencing and before the filing of his April 2021 opening brief, the Washington Supreme Court decided *Blake*, in which it held that former RCW 69.50.4013 (2017), which criminalized even unintentional and unknowing possession of a controlled substance, violated state and federal due process clauses, and was therefore unconstitutional. 197 Wn.2d at 183-86. "If a statute is unconstitutional, it is and has always been a legal nullity." *State ex rel. Evans v. Brotherhood of Friends*, 41 Wn.2d 133, 143, 247 P.2d 787 (1952). Mr. Kinsey asks us to remand for a resentencing at which a corrected offender score can be taken into account. The State concedes that Mr. Kinsey should be resentenced.

4

It is possible that Mr. Kinsey's offender score will remain a 9+.[1] But given that it will be materially reduced and could conceivably affect the sentence imposed, we accept the State's concession and remand for resentencing.

STATEMENT OF ADDITIONAL GROUNDS

In a pro se statement of additional grounds for relief (SAG), Mr. Kinsey raises two grounds.

*SAG 1: polygraph examination.* Mr. Kinsey complains he was misled by the trial court and defense counsel because neither informed him he could pay for his own polygraph examination, "[s]o I thought it was completely unavailable." SAG at 1.

Turning first to his complaint about the trial court, there is no requirement that a trial judge inform a defendant that he may fund his own expert services should a request for public funding be denied. And as the trial court correctly observed, the results of polygraph examinations are not admissible absent stipulation from both parties. *In re Disciplinary Proceeding Against Kronenberg*, 155 Wn.2d 184, 194-95, 117 P.3d 1134 (2005) (observing that such tests "are not recognized as reliable evidence") (citing *State v. Thomas*, 150 Wn.2d 821, 860, 83 P.3d 970 (2004), which cites, in turn, *State v. Renfro*, 96 Wn.2d 902, 905, 639 P.2d 737 (1982)).

---

[1] A revised criminal history is included in an appendix. It relies on the representation in Mr. Kinsey's briefing that the convictions in his history identified as "Mfg./Delivery/Poss. with Intent to Deliver a Controlled Substance" are all simple possession offenses. *See* Br. of Appellant at 3 n.2.; Clerk's Papers at 52.

As for Mr. Kinsey's complaint about trial counsel, in order to demonstrate ineffective assistance of counsel, a defendant must show that (1) defense counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced the defendant, i.e., there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). If a defendant fails to establish one prong, the court need not consider the other. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).

Since a polygraph examination would not have been admissible in evidence absent stipulation and the State refused to consider its results for plea negotiation purposes, Mr. Kinsey cannot show the required prejudice. We need not evaluate the deficient representation prong.

*SAG 2: Failure to request a new trial.* Mr. Kinsey's second additional ground is that he received ineffective assistance of counsel because his attorney failed to request a new trial after Mr. Kinsey provided him with evidence that was unavailable during trial. The evidence is photographs of the car belonging to his acquaintance that Mr. Kinsey claims resembled the stolen car.

To be considered on direct appeal, the evidence supporting an assignment of error must exist in our record. The appropriate procedure for a defendant who wishes to raise

6

No. 37737-7-III
*State v. Kinsey*

issues and evidence outside the record is to file a personal restraint petition, supported by

admissible evidence. *See State v. Calvin*, 176 Wn. App. 1, 26, 316 P.3d 496 (2013).

We affirm Mr. Kinsey's conviction and remand for resentencing.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, A.C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Fearing, J.

7

No. 37737-7-III
*State v. Kinsey*
Appendix

APPENDIX

Updated Criminal History (RCW 9.94A.525)[2]

| Crime | | Date of Crime | Date of Sentence | Adult /Juv. | Class | Type of Crime | Points |
|---|---|---|---|---|---|---|---|
| 2 | Burglary in 2nd degree | 05/23/2015 | 09/08/2015 | A | B | NV | 1 |
| 4 | Residential Burglary | 12/15/2009 | 04/08/2010 | A | B | NV | 1 |
| 5 | Witness Tampering | 11/18/2005 | 10/04/2006 | A | C | NV | 1 |
| 6 | Theft in 2nd degree | 11/18/2005 | 11/29/2007 | A | C | NV | 1 |
| 9 | Escape in 2nd degree | 08/17/2002 | 05/23/2003 | A | C | NV | 1 |
| 11 | Possession of Stolen Property in 2nd degree | 06/27/2002 | 08/16/2002 | A | C | NV | 1 |
| 12 | Possession of Stolen Property in 2nd degree | 02/27/2002 | 05/08/2002 | A | C | NV | 1 |
| 13 | Assault in 2nd degree | 02/26/2000 | 08/15/2000 | A | B | V | 1 |
| 14 | Kidnapping in 2nd degree | 02/26/2000 | 08/15/2000 | A | B | V | 1 |
| 15 | Attempted Robbery | 08/25/1997 | 09/12/1997 | J | A | V | 1 |

[2] The "Date of Crime" and "Date of Sentence" for some offenses was corrected in accordance with the judgments within the record.